**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| SVV TECHNOLOGY INNOVATIONS, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action No.  6:22-cv-00639-ADA |
| | § | |
| ACER INC., | § | |
| *Defendant.* | § | |

███████████████

**DEFENDANT ACER INC.'S MOTIONS *IN LIMINE***

<u>**PUBLIC VERSION**</u>

## TABLE OF CONTENTS

I.   MIL NO. 1:  TO EXCLUDE SVV FROM INTRODUCING INFRINGEMENT
     CLAIM CHARTS INTO EVIDENCE.................................................................. 1

II.  MIL NO. 2: TO EXCLUDE SVV FROM INTRODUCING
     PTX-84 TO PTX-121 WHICH WERE ATTACHMENTS TO
     DR. FARBER'S EXPERT REPORT INTO EVIDENCE................................. 5

III. MIL NO. 3:  TO EXCLUDE SVV FROM INTRODUCING PTX-40 TO PTX-49
     WHICH ARE THIRD-PARTY INNOGRAPHY REPORTS
     OR OTHERWISE TESTIFYING ABOUT THE CONTENTS
     OF THE INNOGRAPHY REPORTS................................................................. 7

IV.  MIL NO. 4:  TO EXCLUDE SVV FROM REFERENCING
     OTHER SVV PATENTS THAT ARE NOT ASSERTED
     IN THE PRESENT CASE............................................................................... 10

V.   CONCLUSION ............................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Balfour Beatty Rail, Inc.*, 173 F. Supp. 3d 363 ........................................................................ 3, 5

*Bullock v. Daimler Trucks N. Am., LLC*, 819 F. Supp. 2d 1172 (D. Colo. 2011) ........................ 1

*Design Basics, LLC v. Forrester Wehrle Homes, Inc.*, 380 F. Supp. 3d 692 (N.D. Ohio 2019).... 1

*Jiaxing Super Lighting Electric Appliance Co., Ltd., et. al. v.*

    *CH Lighting Technology Co., et. al,* 6:20-cv-00018-ADA (E.D. Tex.) .................................... 4

*Metro Hosp. Partners, Ltd. v. Lexington Ins. Co., 84 F. Supp. 3d 553 (S.D. Tex. 2015)* .............. 8

*Pizza Hut L.L.C. v. Pandya*, 79 F.4th 535 (5th Cir. 2023)............................................................. 3

*Pizza Hut, LLC v. Ronak Foods, LLC*, No. 5:21-CV-00089-RWS,

    2022 WL 3544403 (E.D. Tex. June 17, 2022).............................................................................. 3

*Wi-LAN Inc. v. Sharp Elecs. Corp.*, 992 F.3d 1366 (Fed. Cir. 2021) ........................................ 3, 6

*Zimmer Surgical, Inc. v. Stryker Corp., 365 F. Supp. 3d 466 (D. Del. 2019)* ........................ 5, 10


**Statutes**

Fed. R. Evid. 402 ................................................................................................................... passim

Fed. R. Evid. 403 ...................................................................................................................... 6, 9

Fed. R. Evid. 703 ...................................................................................................................... 3, 9

Fed. R. Evid. 801 ................................................................................................................... 3, 5, 7

Fed. R. Evid. 803 ........................................................................................................................... 6

Fed. R. Evid. 901 ...................................................................................................................... 3, 7

Defendant Acer Inc. ("Defendant" or "Acer") moves *in limine* to preclude the introduction of certain arguments, evidence, and/or testimony at trial, from Plaintiff SVV Technology Innovations Inc. ("Plaintiff" or "SVV") as discussed below.

## I. MIL NO. 1:  TO EXCLUDE SVV FROM INTRODUCING INFRINGEMENT CLAIM CHARTS INTO EVIDENCE

SVV's exhibits PTX-123 to PTX-318 should be excluded from trial. Rather than introduce evidence of the structure of the accused Acer products into evidence, SVV seeks to short circuit this by attempting to introduce inadmissible infringement charts that were attached as exhibits to the expert report of SVV's technical expert Mr. Credelle. Chen Dec. Ex. 1 (SVV's Exhibit List) at PTX-123 to PTX-318. As explained below, these exhibits are inadmissible hearsay, and the underlying photographs cited therein cannot be adequately authenticated by Mr. Credelle as coming from an Accused Product. Thus, all of these claim charts should be excluded.

The infringement claim charts purport set forth Mr. Credelle's infringement opinions and analysis for Acer and third-party ASUSTeK products.[1] The charts set forth each limitation of the asserted claims and purports to describe how the limitations of those claims are allegedly met in the Accused Products.  The underlying evidence upon which these charts rely are photographs that are alleged to be from "tear downs" of the accused Acer and ASUSTeK products. But in most cases, there is no way to tell whether or not the assembly shown in a photograph actually comes from an Acer product because it is simply a picture of a film layer or backlight assembly with no

---

[1] To the extent that SVV is attempting to introduce demonstrative exhibits as substantive evidence. This is improper. *See, e.g., Bullock v. Daimler Trucks N. Am., LLC*, 819 F. Supp. 2d 1172, 1177 (D. Colo. 2011) (simulation permitted as demonstrative but not admissible as substantive evidence since it was not properly authenticated); *Design Basics, LLC v. Forrester Wehrle Homes, Inc.*, 380 F. Supp. 3d 692, 699 (N.D. Ohio 2019) (exhibit could be used a demonstrative aid but not admissible as substantive evidence).While Mr. Credelle can rely upon proper charts or summaries as demonstrative exhibits, they must be based on properly admitted evidence and the demonstrative exhibits themselves are not substantively admitted as evidence.

identification of origin.   An example of what is contained in the charts is shown below:



Mr. Credelle testified that he did not perform the teardowns or supervise the work, nor did he prepare or supervise the taking of the photographs. Chen Ex. 3 (Credelle Tr.) 36:9-25 ("Q. Did you perform the tear-downs? A. For the most part, no. As I say, once I went to Sacramento to -- to examine the tear-downs, some additional tests were run while I was there but for the most part the tear-downs had already been taken care of and documented. Q. When you say "for the most part, no," were there some products where you performed the tear-downs yourself? A. No, I -- I didn't personally take apart these[.]"); 133:1-10 ("Q. So SVV did the actual tear-down and took the pictures; right? A. Yeah. As far as I know it was only SVV personnel, but it could have been some additional help but they -- they were responsible for the

tear-down. Q. Okay. Were you present when the pictures were being taken? A. I wasn't present when these photographs were taken, no. They were done before my visit.").

These infringement charts are inadmissible hearsay, out of court statements offered in an attempt to prove the truth of the matter asserted, which in this case is the alleged infringement by the charted products. It is well settled that expert opinion expressed in reports is hearsay without exception and should be excluded under Fed. R. Evid. 801. *See, e.g., Pizza Hut, LLC v. Ronak Foods, LLC*, No. 5:21-CV-00089-RWS, 2022 WL 3544403, at *3–4 (E.D. Tex. June 17, 2022), *aff'd sub nom. Pizza Hut L.L.C. v. Pandya*, 79 F.4th 535 (5th Cir. 2023) (expert report not admitted into evidence because it is "hearsay to which no hearsay exception applies."); *Balfour Beatty Rail, Inc. v. Kansas City S. Ry. Co.*, 173 F. Supp. 3d 363, 413–14 (N.D. Tex. 2016), *aff'd as modified and remanded*, 725 F. App'x 256 (5th Cir. 2018) ("Generally, expert reports are inadmissible hearsay because they are out-of-court statements offered to prove the truth of the matter asserted and fall within the definition of hearsay in Federal Rule of Evidence 801 (c)(2).").  This should end the inquiry.

The fact that Mr. Credelle relies on and adopts the charts for his expert opinion does not make the charts admissible. FRE 703 is not an exception to or exclusion from the hearsay rule and does not authorize admitting inadmissible evidence just because it is the basis for expert opinion. *See Wi-LAN Inc. v. Sharp Elecs. Corp.*, 992 F.3d 1366, 1374 (Fed. Cir. 2021). The usual rules regulating the admissibility of evidence control and foreclose the admission of the hearsay claim charts into evidence. *Id*.

The claim charts also should be excluded under Fed. R. Evid. 901 because critical information that they rely upon to show the structure of the Accused Products –photos that purport to be of components of Acer or Asus monitors – cannot be authenticated. At the outset, Mr.

3

Credelle did not prepare at least 49 of the 90 Acer charts, because these charts were served on Acer on September 20, 2022, more than three months before Mr. Credelle was retained.[2] As a result, he could not have taken or supervised the preparation of the photos in these charts. Nor can he authenticate the photos contained in the other charts because he did not create them and did not perform or supervise the product tear downs. Chen Dec. Ex. 3 (Credelle Tr.) at 36:9-25 ("Q. Did you perform the tear-downs? A. For the most part, no. As I say, once I went to Sacramento to -- to examine the tear-downs, some additional tests were run while I was there but for the most part the tear-downs had already been taken care of and documented."). Mr. Credelle does not have the knowledge necessary to lay a foundation for the photographs contained therein.

This Court has excluded similar litigation documents because they were hearsay and could not be authenticated. In *Jiaxing Super Lighting Electric Appliance Co., Ltd., et. al. v. CH Lighting Technology Co., et. al.*, the plaintiff moved to exclude third-party documents, consisting of screenshots and legal opinion excerpts describing chip operation, as unauthenticated hearsay. *Jiaxing Super Lighting Electric Appliance Co., Ltd., et. al. v. CH Lighting Technology Co., et. al.*, 6:20-cv-00018-ADA (E.D. Tex.) at Dkt. No. 169 (Redacted Public Version of 160 Sealed Motion Motions *In Limine* (Nos. 1-19) by Jiaxing Super Lighting Electric Appliance, Co., Ltd.) at 2. Defendant offered the third-party documents to describe the chip operation but could not offer a sponsoring witness with first-hand knowledge to authenticate. *See id at* Dkt. No. 191 (Transcript filed of Proceedings held on 10/6/21) at 4:22-8:5. As a result, the Court agreed that the documents should be excluded as unauthenticated hearsay. *See id*. at Dkt. No. 191 at 6:23-7:13; Dkt. No. 190

---

[2] Chen Dec. Ex. 4 (SVV's September 20, 2022 Preliminary Infringement Contentions) at 2 ("Claim charts for each of the Asserted Claims of the patents-in-suit are set forth as reflected in the active complaints, and in the over one hundred exemplary charts served herewith."); Ex. --- (Credelle Tr.) at 43:7-15 (". . . I did check at the break that I was first engaged by SVV in January of this year [2023]")

(Minute Entry) (granting MIL No. 2 to exclude the third-party documents).

## II.   MIL NO. 2: TO EXCLUDE SVV FROM INTRODUCING PTX-84 TO PTX-121 WHICH WERE ATTACHMENTS TO DR. FARBER'S EXPERT REPORT INTO EVIDENCE

SVV's Exhibits PTX-84 to PTX-121 should be excluded from trial. These exhibits are exhibits (charts and an interview summary) that were originally attached to Dr. Farber's expert report as Attachments A-3 and B-xx through H-xx. Chen Dec. Ex. 1 (SVV's Trial Exhibit List) at PTX-84 to PTX-121, Ex. 5 (Exemplary Attachments B-xx through G-xx to Farber Expert Report).

The charts reflect ████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████ As explained above in MIL No. 1, expert reports and attachments created by the expert to illustrate their reports are inadmissible hearsay.   These exhibits do not fall under any defined hearsay exception, and should be excluded under Fed. R. Evid. 801. *See Balfour Beatty Rail, Inc.*, 173 F. Supp. 3d at 413–14 ("Generally, expert reports are inadmissible hearsay because they are out-of-court statements offered to prove the truth of the matter asserted and fall within the definition of hearsay in Federal Rule of Evidence 801 (c)(2).").

The exhibits also are inadmissible under Fed. R. Evid. 402 because much of what is discussed is irrelevant to the present case. The exhibits discuss liability and damages collectively for 13 SVV patents, even though only four are asserted in the present matter.[3] Discussion regarding infringement and damages for the unasserted patents are irrelevant in this matter, could lead to juror confusion, and should not be admitted under Fed. R. Evid. 402. *See Zimmer Surgical, Inc. v.*

---

[3] The Farber report and associated exhibits are for all three related actions and, thus, collectively discuss all the asserted patents across all three actions, 6:22-cv-00639-ADA, 6:22-cv-00640-ADA, and 6:22-cv-00641-ADA. However, only the '318, '342, '562, and '089 patents are asserted in the present case and only discussion regarding those patents are relevant here.

*Stryker Corp.*, 365 F. Supp. 3d 466, 500 (D. Del. 2019) (expert opinion on patents not at issue were neither helpful nor relevant and thus deemed inadmissible).

Even to the extent that a portion of the exhibits are relevant, they still should not be admitted because any potential relevance is greatly outweighed by prejudice. Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). The exhibits are replete with conclusory legal assertions that reflect patents not at issue in this action. Exposing this information to the jury runs the risk of distracting the jury from the task at hand – ascertaining whether the accused products infringe the specific patents in suit and determining any damages due to SVV for infringement of those patents, and those patents only. This would be extraordinarily prejudicial to Acer, and any such reference should be excluded.

The interview summary (PTX-84) a document prepared by Dr. Farber, that purports to summarize his interview of SVV's CEO (and inventor of the patents-in-suit) Sergey Vasylyev. PTX-84 is Dr. Farber's summary of Dr. Vasylyev's statements regarding ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Chen Dec. Ex. 6 (PTX-84, Attachment A-3 to Report of Matthew Farber, Ph.D, Interview with Sergey Vasylyev, Ph.D). The exhibit should be excluded as hearsay.

The interview summary, effectively an unsworn witness declaration, was created specifically for litigation purposes and does not meet any defined hearsay exception. *See Wi-LAN Inc.*, 992 F.3d at 1372 ("The declarations thus do not constitute a 'record [that] was kept in the course of a regularly conducted activity of a business.' Fed. R. Evid. 803 (6)(B). Instead, the declarations were created and prepared for the purposes of litigation, placing them outside the

scope of the exception."). This is also not a situation where the declarant is unavailable where the residual hearsay exception might apply. Dr. Vasylyev and Dr. Farber are identified as SVV trial witnesses and, thus, any relevant testimony can be obtained in court, under oath, and subject to cross-examination.  PTX-84 should be excluded.

## III.  MIL NO. 3:  TO EXCLUDE SVV FROM INTRODUCING PTX-40 TO PTX-49 WHICH ARE THIRD-PARTY INNOGRAPHY REPORTS OR OTHERWISE TESTIFYING ABOUT THE CONTENTS OF THE INNOGRAPHY REPORTS.

SVV's Exhibits PTX-40 to PTX-49 should be excluded from trial as inadmissible hearsay, lacking authenticity, and irrelevant. These exhibits are Innography patent ranking reports that purport to rank the patents-in-suit using a proprietary system called PatentStrength™. Chen Dec. Ex. 1 (SVV's Trial Exhibit List) at PTX-40 to PTX-49. In addition to the strength ranking, each report purports to provide basic analysis of things like field classifications and forward/backward citations. Chen Dec. Ex. 7 (Innography Report for US8290318).[4] These reports purport to identify the "patent strength" of particular patents on a 100 point scale.  Yet they are out of court statements and rely on an algorithm of unknown provenance.[5] The Innography patent ranking reports are out of court statements offered for the alleged truth of their contents – the alleged strength and, thus, the value of the asserted patents – and are inadmissible hearsay. Fed. R. Evid. 801.

The reports also should be excluded because they cannot be authenticated under Fed. R. Evid. 901. SVV has not identified a sponsoring witness to testify regarding the reports. In

---

[4] The dubious value of these reports is further reflected by the fact that the reports indicated that these patents are not involved in litigation, even though they clearly are as they have been asserted in both this case as well as at least 8 other matters.
[5] Mr. Credelle relies on the reports ███████████████████████████████████████████
████████████████  Acer has filed a motion to strike the portions of Mr. Credelle's expert report discussing the Innography rankings. Dkt. No. 69. As stated in Acer's motion, Mr. Credelle is not qualified to opine on the Innography rankings because he lacks any relevant experience with the software and the methodology for evaluating the results are arbitrary and unreliable.  Separately from that, however, the underlying reports themselves are also inadmissible.

particular, SVV's witness list does not include any witness Clarivate, PLC, the third-party company that generated PTX-40 to PTX-49. Mr. Credelle cannot cure this because (1) as explained in Acer's Daubert Motion to Strike certain opinions from Mr. Credelle (Dkt. No. 69 at 16-19), he has no experience with the underlying analysis and thus cannot explain how it was done.  Chen Dec. Ex. 3 (Credelle Tr.) at 117:2-7, 119:25-120:15 ("Q. And you mentioned that you didn't use the innography tool until your work on these SVV matters; correct? A. That's correct, I – I had not used that tool before. Q. What made you decide to use the innography tool in this context? A. That was a decision made prior to my detailed involvement so I – I can't say when and how it was – it was chosen as a tool but it was not commissioned by me. Q. Did you run the patent numbers through the innography tool yourself? A. As – as I said in my report, I reviewed the rankings, I did not run – I did not run the software."). Mr. Credelle cannot establish the foundation necessary to authenticate the reports.  *See Metro Hosp. Partners, Ltd. v. Lexington Ins. Co.*, 84 F. Supp. 3d 553, 568 (S.D. Tex. 2015) (documents were inadmissible because witness lacked adequate knowledge to authenticate).  Nor can Dr. Vasylyev, the inventor and CEO of SVV cure this deficiency, █████

██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
███████████████████████████████

Finally, the reports should be excluded under Fed. R. Evid. 402 because they are irrelevant. They make no fact of consequence more likely or unlikely because they are the black-box output of an unknown algorithm produced by an entity that will not appear at trial to explain it.  Fed. R. Evid. 402. Even if relevant, which they are not, these reports should be excluded because any probative value is substantially outweighed by the danger of undue prejudice, confusion of the

issues, or misleading the jury. Fed. R. Evid. 403.

The Innography reports give each patent a numerical strength ranking between 1-100. Presumably, the higher the number, the stronger the patent relevant to all other patents, at least based on the determination of Innography's unknown algorithm. This number, however, does not correlate to the issues in this case.  It doesn't show infringement because it does not compare the claims as construed by this Court with the accused products.  Nor does it correlate with patent validity, because, as discussed in Acer's motion to strike, Innography routinely gives high rankings to invalid patents. Dkt. No. 69 at 16-19. Thus, the Innography "Patent Strength" ranking has no probative value to the issues in this action.  However, they do introduce a high risk of juror prejudice and confusion. A juror may confuse the Innography PatentStrength™ term with a credible determination of patent strength. A juror may incorrectly assume that a high numerical ranking as an indicator of validity, infringement, or value, none of which is true. Because the reports have no probative value and introduce a high risk of juror prejudice and confusion, they should be excluded under Fed. R. Evid. 402 and 403.

The Court should also preclude any testimony regarding the contents of the reports. Although an expert is permitted to rely on hearsay for his opinion, he can only do so if it established that the hearsay is of the type that experts typically rely on for their opinion and the probative value of the material substantially outweighs its prejudicial effect. Fed. R. Evid. 703. Here, it has not been established that the Innography reports are typically relied upon by experts. Mr. Credelle himself testified that he has never used the tool prior to this case. Chen Dec. Ex. – (Credelle Tr.) at 117:2-7, 119:25-120:15. Further, as discussed above, the reports have no probative value and introduce a high risk of juror prejudice and confusion. The Court should also preclude SVV's experts from testifying about or relying on the Innography reports.

IV.   **MIL NO. 4:  TO EXCLUDE SVV FROM REFERENCING OTHER SVV PATENTS THAT ARE NOT ASSERTED IN THE PRESENT CASE**

SVV should be precluded from referencing the patents that are asserted in the related matters but not asserted in the present case. SVV has sued Acer on a total of 13 patents, spread across three matters, 6:22-cv-00639-ADA, 6:22-cv-00640-ADA, and 6:22-cv-00641-ADA. In each case, SVV asserts 4 to 5 patents. In the present case, SVV is only asserting the '318, '342, '562, and '089 patents.  The other nine patents are therefore irrelevant and SVV should be precluded from referring to them or any allegations that Acer infringes those other patents under Fed. R. Evid. 402. *See Zimmer Surgical, Inc.*, 365 F. Supp. 3d at 500.

In addition to the lack of relevance, referring to patents asserted in other matters is prejudicial and could lead to juror confusion. As stated above, the juror is tasked with determining liability and damages for the four patents asserted in the present case. Referencing infringement allegations in other matters would be both distracting and confusing. It could also result in improper inferences of potential culpability based the large number of asserted patents or lawsuits filed. All this would be highly prejudicial to Acer and, thus, any reference to the patents in the other matters should be excluded.

V.   **CONCLUSION**

For the reasons set forth above, Acer respectfully requests that the Court grant the foregoing motions *in limine*.

DATED: March 7, 2024                    Respectfully submitted,

                                        /s/ Eric H. Findlay
                                        Kaiwen Tseng (CA Bar No. 193756)
                                        Craig Kaufman (CA Bar No. 159458)
                                        Jerry Chen (CA Bar No. 229318)
                                        TECHKNOWLEDGE LAW GROUP LLP
                                        20660 Stevens Creek Blvd., Suite 381
                                        Cupertino, CA  95014
                                        Tel: (650) 517-5200
                                        Fax: (650) 562-8054
                                        ktseng@tklg-llp.com
                                        ckaufman@tklg-llp.com
                                        jchen@tklg-llp.com

                                        Eric H. Findlay
                                        State Bar No. 00789886
                                        Brian Craft
                                        State Bar No. 04972020
                                        FINDLAY CRAFT, P.C.
                                        7270 Crosswater Avenue, Suite B
                                        Tyler, TX 75703
                                        Tel: (903) 534-1100
                                        M: (903) 571-5723
                                        efindlay@findlaycraft.com
                                        bcraft@findlaycraft.com

                                        **ATTORNEYS FOR DEFENDANT
                                        ACER INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 7, 2024, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

                                        /s/ Eric H. Findlay
                                        Eric H. Findlay