**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| SVV TECHNOLOGY INNOVATIONS, INC., | § § | |
| *Plaintiff*, | § § | Civil Action No. 6:22-cv-00639-ADA |
| v. | § § | Civil Action No. 6:22-cv-00640-ADA |
| | § § | Civil Action No. 6:22-cv-00641-ADA |
| ACER INC., | § | PUBLIC VERSION |
| *Defendant*. | § | |

**DEFENDANT ACER INC.'S OPPOSITION TO
SVV TECHNOLOGY INNOVATIONS INC.'S MOTIONS *IN LIMINE***

**TABLE OF CONTENTS**

I. SVVTI'S MIL NO. 1: NON-INFRINGING ALTERNATIVES AND DESIGN-AROUNDS ........................................................................................ 1

II. SVVTI'S MIL NO. 2: PLAIN AND ORDINARY MEANING CONSTRUCTIONS AND REFERENCES TO PHOTOVOLTAIC PATENTS................................................ 5

    A. THE COURT'S CONSTRUCTION DID NOT DEFINE THE "PLAIN AND ORDINARY MEANING" OF THE TERMS ......................... 5

    B. REFERENCE TO PHOTOVOLTAIC OR SOLAR PANEL PATENTS............... 7

    C. REARGUING CLAIM CONSTRUCTIONS ............................................... 8

III. SVVTI'S MIL NO. 3: PRACTICING THE PRIOR ART ............................................... 9

IV. SVVTI's MIL NO. 4: ANY REFERENCE TO DROPPED CLAIMS, THEORIES, PATENTS, OR ACCUSED PRODUCTS. ................................................. 10

V. SVVTI's MIL NO. 5: ANY ARGUMENT, EVIDENCE, TESTIMONY, REFERENCE, OR SUGGESTION THAT SVVTI HAS NOT ASSERTED ITS PATENTS AGAINST OTHER ENTITIES, INCLUDING DEFENDANT'S SUPPLIERS............................................................................................................. 11

# **TABLE OF AUTHORITIES**

**Cases**

*01 Communique Lab'y, Inc. v. Citrix Sys., Inc.*,
    889 F.3d 735 (Fed. Cir. 2018) ................................................................................ 9, 10

*Avid Tech., Inc. v. Harmonic, Inc.*,
    2014 WL 7206301 (D. Del. Dec. 17, 2014) ................................................................. 6

*Cave Consulting Grp., LLC v. OptumInsight, Inc.*,
    2015 WL 740379 (N.D. Cal. Feb. 20, 2015) ................................................................ 6

*DTI Software, Inc. v. Am. Airlines, Inc.*,
    No. 4:22-CV-00796-O, 2023 WL 6536147 (N.D. Tex. Sept. 1, 2023) ........................ 3

*EMC Corp. v. Pure Storage, Inc.*,
    154 F.Supp.3d 81 (D. Del. 2019) ................................................................................. 6

*Intel Corp. v. Tela Innovations, Inc.*,
    No. 3:18-CV-02848-WHO, 2021 WL 1222622 (N.D. Cal. Feb. 11, 2021) .............. 10

*Malibu Boats, LLC v. Skier's Choice, Inc.*,
    No. 3:18-CV-00015, 2021 WL 9275090 (E.D. Tenn. May 4, 2021) ......................... 10

*Sun Pharma Global Fze v. Lupin Ltd.*,
    2021 WL 856886 (D. N.J. Mar. 8, 2021) ..................................................................... 6

*Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*,
    279 F.3d 1357 (Fed. Cir. 2002) .................................................................................... 9

Plaintiff SVVTI Technology Innovations Inc. ("Plaintiff" or "SVVTI") has raised five motions *in limine* seeking to exclude certain evidence. Four of these motions should be denied. The fifth – motion *in limine* number 4 – can be granted, as Acer agrees that the parties should not mention the reduction of claims, asserted products, withdrawn prior art or the like in front of the jury.

## I. SVVTI'S MIL NO. 1: NON-INFRINGING ALTERNATIVES AND DESIGN-AROUNDS

SVVTI seeks to exclude evidence and argument regarding the availability of non-infringing alternatives and design-arounds. This motion should be denied.[1]

SVVTI's argument is premised on the notion that Acer did not disclose information regarding non-infringing alternatives during fact discovery. SVVTI MIL at 1-5. At the outset, this argument is nothing more than a rehash of the arguments made in SVVTI's Motion to Exclude Certain Opinions of Dr. Zane Coleman (Dkt. No. 67 at 1-5)[2] and should be denied for the same reasons set forth in Acer's opposition to that motion (Dkt. No. 77 at 2-6). During discovery, Acer expressly disclosed its position on non-infringing alternatives and provided the relevant financial and technical documents for those products.

The products at issue are Acer computer monitors. Each SVVTI patent is asserted against only a subset of those monitors based on backlight design elements that are neither essential nor ubiquitous.[3] As a result, many Acer monitors are not accused of infringement. Thus, for any given

---

[1] Acer does not understand why SVVTI included design-arounds in its motion *in limine* no. 1, because Acer has not offered any arguments regarding design-arounds.

[2] All docket number references are made to the numbering in 22-cv-00639. Identical pleadings were filed in the other two matters, 22-cv-00640 and 22-cv-00641, but may have slightly difference docket numbers.

[3] [REDACTED] The only way to know whether the allegedly infringing design elements exist is to take apart a monitor to examine the backlight unit.

1

SVVTI patent, the Acer monitors not accused of infringing that patent are the non-infringing alternatives.

This is the exact position Acer disclosed in its interrogatory response.

FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:



SVVTI Ex. C (Acer's Third Suppl. Resps. to SVVTI's Int. Set 1) at 19 (emphasis added). In addition, the response also identifies the technical and financial documents for those non-infringing alternatives. SVVTI's repeated claim that it was "unable to determine the identity of any specific alleged non-infringing alternatives during fact discovery" is perplexing. SVVTI MIL at 2. For any given patent, SVVTI knew which Acer monitors were accused of infringement and which were not (since they are SVVTI's allegations), and therefore also knew which monitors were the non-infringing alternatives (*i.e.*. those that SVVTI did not accuse of infringing that patent). SVVTI had all the information it needed to fully explore this issue. Nothing more was necessary.

Contrary to SVVTI's assertion, there are no new theories presented in Dr. Coleman's rebuttal report. Dr. Coleman's report reflects the same non-infringing alternative theory presented by Acer during discovery. SVVTI Ex. A (Coleman Rebuttal Report) at ¶¶ 76-84.

77.



78.

79.

80.

SVVTI Ex. A (Coleman Rebuttal Report) at ¶¶ 77-80. None of this is new information. All of it was disclosed and accessible to SVVTI during fact discovery.

Equally unfounded is SVVTI's allegation that Acer witnesses were "unable to provide any substantive information regarding non-infringing alternatives." SVVTI MIL at 4. As stated, the non-infringing alternatives were Acer products and Acer's fact witnesses were fully prepared to testify about those products – to the extent that Acer has knowledge about them. To be clear, much of the information sought by SVVTI would not be known to Acer. The accused structures are in the backlight module – a component that is not designed or developed by Acer, and about which Acer has little structural information.

Instead of asking proper questions about Acer's products, SVVTI asked conclusory questions seeking legal opinions, which were beyond the scope of a proper 30(b)(6) deposition. *See DTI Software, Inc. v. Am. Airlines, Inc.*, No. 4:22-CV-00796-O, 2023 WL 6536147, at *2 (N.D. Tex. Sept. 1, 2023) ("Questions pertaining to a relevant subject matter that ask the lay

corporate witness to provide a legal conclusion are prohibited.").[4] For example, Mr. Ho, a Director of Product in Acer's group responsible for working with its ODMs to develop monitors was asked the following questions:

> Q. As you sit here today, can you describe any non-infringing alternative that Acer has attempted or investigated?
> A. To my knowledge, or based upon my understanding, this question is not within the scope of my testimony. So I don't think I participated in our internal discussion regarding the infringement topics.

SVVTI Ex. E (Ho Tr.) at 54:14-60:12; *See also* SVVTI Ex. F (Shang Tr.) 47:10-50:3. Indeed even after being prompted to direct questions to facts about unaccused Acer products (and thus non-infringing alternatives), SVVTI persisted with its loaded legal questions. SVVTI Ex. E (Ho. Tr.) at 56:12-57:15; 58:13-59:2 ("The witness was presented to testify regarding Acer products, which included both accused products as well as non-accused products, which are presumably non-infringing alternatives to the accused products. So the examining attorney can ask questions about non-accused products and the witness is prepared to testify about those, as well, to the best of his knowledge."). SVVTI had full opportunity to explore facts about Acer's non-infringing alternatives. It chose not to and cannot now claim to be prejudiced by its own failures.

SVVTI's claims of prejudice are also hollow. SVVTI asserts that, due to Acer's alleged non-disclosure, it was deprived of the opportunity to press for discovery from Acer or third parties. SVVTI MIL at 5. These claims are not credible. First, as discussed above, Acer fully disclosed its position and also produced the requested discovery for the non-infringing alternatives. SVVTI did not seek any additional information during the course of discovery. The claim that SVVTI could

---

[4] Acer provided its corporate representatives to testify about SVVTI's topic subject to Acer's objections, which included objections "to the extent it calls for legal conclusions and to the extent that is calls for expert opinion testimony." Chen Dec. Ex. 1 (Acer Objections to SVVTI 30b6) at 16-18.

have sought third party discovery is even less convincing given that SVVTI never sought third party discovery from Acer's suppliers of the accused component parts.[5] SVVTI had knowledge of Acer's position and received relevant discovery. It never asked for or sought anything more. There was no prejudice.

SVVTI has failed to show any reason Acer's arguments and evidence on non-infringing alternatives should be excluded. SVVTI was fully informed of Acer's theory, received all the discovery it requested, had every opportunity to explore the issue, and has articulated no prejudice. SVVTI motion should be denied.

## II. SVVTI'S MIL NO. 2: PLAIN AND ORDINARY MEANING CONSTRUCTIONS AND REFERENCES TO PHOTOVOLTAIC PATENTS

### A. THE COURT'S CONSTRUCTION DID NOT DEFINE THE "PLAIN AND ORDINARY MEANING" OF THE TERMS

SVVTI's seeks to exclude Acer's expert Dr. Coleman from opining on the plain and ordinary meaning of the terms "light converting," "light harvesting," and "photoresponsive," asserting that those plain meaning constructions have already been rejected by this Court. SVVTI MIL at 6-7. Once again, SVVTI is doing nothing more than rehashing an argument it made in SVVTI's Motion to Exclude Certain Opinions of Dr. Zane Coleman (Dkt. No. 67 at 5-8) and its motion *in limine* should also be denied for the same reasons set forth in Acer's opposition (Dkt. No. 77 at 7-8). SVVTI is wrong and overreaches with its interpretation of the Court's claim construction order.

The Court's order adopted plain and ordinary meaning for the terms "light converting,"

---

[5] [redacted]. SVVTI did not seek any discovery from the backlight manufacturers, display vendors, or ODMs, the entities who might actually have relevant information on the allegedly infringing instrumentality.

"light harvesting," and "photoresponsive" (among others).  SVVTI Ex. H (Claim Construction Order) at 2-3. The Court did not say what that plain meaning was or expressly adopt or reject particular arguments made by either party. *Id*. For example, for "light converting" Acer argued at Markman that "[t]he plain and ordinary meaning of 'convert[ing] . . . light' or 'light converting' is changing light to non-light form." Dkt. No. 32 (Acer CC Br.) at 15. Although the Court adopted plain meaning, it did not affirm or reject Acer's plain meaning construction. Thus, SVVTI's claim that the Court's order reflects an express rejection of all of Acer's claim construction positions is not accurate.

      The Court's adopted plain and ordinary meaning and that is what the parties must apply. Given this guidance, Dr. Coleman was obliged to explain what he considered to be the plain and ordinary meaning as it would be understood by a person of ordinary skill in the art before applying it to the claims. *See, e.g., Sun Pharma Global Fze v. Lupin Ltd.*, 2021 WL 856886, *7 (D. N.J. Mar. 8, 2021) ("when a court does not construe a term or orders that the ordinary meaning applies . . . expert testimony on how a skilled artisan would understand the term is appropriate to assist the fact finder and admissible to that extent"); *EMC Corp. v. Pure Storage, Inc.*, 154 F.Supp.3d 81, 109-10 (D. Del. 2019) ("[w]hen a court does not construe a term or orders that the ordinary meaning applies, expert testimony on the understanding of a skilled artisan is appropriate to assist the jury"); *see also Avid Tech., Inc. v. Harmonic, Inc.*, 2014 WL 7206301, *4 (D. Del. Dec. 17, 2014) ("[b]ecause the court did not construe the term, it is given its 'plain and ordinary meaning' as understood by one skilled in the art … [i]t was not improper for [defendant] to offer its view of the plain and ordinary meaning to the jury"); *Cave Consulting Grp., LLC v. OptumInsight, Inc.*, 2015 WL 740379, *15 (N.D. Cal. Feb. 20, 2015) (construing a disputed term has having its ordinary meaning and stating in response to competing interpretations that "[t]his is a dispute

between the parties as to how a skilled artisan would interpret the plain and ordinary meaning of the terms at issue … disputes over how one skilled in the art would understand the plain meaning of term [sic] raises a factual question that must be resolved by the jury"). That is exactly what Dr. Coleman did in his report. SVVTI Ex. A (Coleman Rebuttal Report) at ¶¶ 234-235 (light converting), ¶¶ 274-275 (light harvesting), ¶¶ 353-354 (photoresponsive). None of this is objectionable and none of it should be excluded.

### B. REFERENCE TO PHOTOVOLTAIC OR SOLAR PANEL PATENTS

SVVTI also seeks to exclude any reference to certain patents as "photovoltaic patents" or "solar panel patents"[6], arguing that this is an attempt by Acer to limit the claim scope and confuse the jury. SVVTI MIL at 7-8. Not so.

When discussing the 13 SVVTI patents for purposes of the various consolidated proceedings before this Court, Acer has used shorthand to describe the three family groupings, referring to them as the light redirection, light harvesting cover, or photovoltaic patents. The purpose is organizational and has nothing to do with limiting claim scope. Acer does not argue and has never argued that any of the claims should be limited to photovoltaic devices (or solar panels). None of Acer's constructions were attempts to do so and in fact Acer expressly stated during claim construction that they are not so limited. Dkt. No. 32 (Acer CC Br.) at 13, 16 (stating that "light converting" and "light harvesting" covers, in addition to photovoltaics, implementations like radiation detectors, light absorbers, photo-chemical reactors, and photo-bioreactors); Dkt. No. 38 (Acer Reply CC Br.) at 10 (stating that "photoresponsive" includes photoconductors and photodiodes that are used in light detectors).

That said, Acer should not be foreclosed from presenting testimony about the contents of

---

[6] Acer has never referred to any of SVVTI patents as "solar panel patents."

the patent specification, and how it describes the invention. "Photovoltaic" was used to describe a family of SVVTI patents because that is an accurate description of what they disclose.[7] The Field of the Invention portion of the specification describes "harvesting radiant energy emanated by a distant radiant energy source, particularly, to collecting the sunlight and absorbing it" and how the "the present invention relates to photovoltaic devices, solar cells and light detectors . . . and to a method for generating electricity from sunlight thereof." '999 Patent at 1:45-53.[8] The technology background similarly describes problems with photovoltaics that need to be overcome (1:57-3:18) and every specific embodiment is a photovoltaic device (7:42-22:48) with the term itself used over 190 times throughout the disclosure. The fact is, these patents cannot be accurately described without reference to photovoltaics.

It is not misleading or prejudicial to use an accurate term to describe the patents, nor is it misleading to present testimony to the jury about the contents of the patent specification so that they can understand the invention. SVVTI's motion to preclude any reference to photovoltaic patents should be denied.

### C. REARGUING CLAIM CONSTRUCTIONS

SVVTI also argues that the Court "should prevent a party from re-arguing to a jury claim construction proposal that the Court already rejected." SVVTI MIL at 8-9. It is not clear whether SVVTI seeks to exclude anything specific or whether this is merely a general statement. SVVTI did not provide any specific examples or context. In any case, Acer has no intention of re-arguing to a jury any constructions that the Court has expressly rejected.

---

[7] The patents in this family include the '999, '088, '089, '205, and '795 patents. They all share the same disclosure and all claim priority to the same U.S. provisional applications Ser. No. 61/399,552 and Ser. No. 61/402,061, both titled "Sunlight Harvesting System Employing Microstructures For Efficient Light Trapping."

[8] Citations to the '999 patent apply equally to the other patents in this family, the '088, '089, '205, and '795 patents, since they all share the same specification.

### III.     SVVTI'S MIL NO. 3:  PRACTICING THE PRIOR ART

SVVTI also seeks to exclude any comparison of SVVTI's claim assertions to prior art and other products, arguing that Acer is trying to advance an improper practicing the prior art defense. SVVTI MIL at 9-10. SVVTI's motion should be denied because Acer made no such argument. Moreover, comparing SVVTI's claim assertions to show coverage of prior art is entirely appropriate. *See 01 Communique Lab'y, Inc. v. Citrix Sys., Inc.*, 889 F.3d 735, 742 (Fed. Cir. 2018).

The forbidden "practicing the prior art" argument refers to an argument that attempts to show non-infringement by comparing the accused instrumentality to prior art. *See Tate Access Floors, Inc. v. Interface Architectural Res., Inc.*, 279 F.3d 1357, 1365 (Fed. Cir. 2002). The Federal Circuit explained that this is not a defense to infringement because it forsakes the comparison of the asserted claims with the accused product. *See id.* at 1366.

That is not the situation here. Every one of Acer's non-infringement arguments, as reflected in Dr. Coleman's expert report, involves applying the properly construed claim to the accused products. SVVTI has not, and cannot, cite any example where this is not the case.

Indeed, SVVTI presents no evidence of Acer ever making a practicing the prior art argument. The two cited paragraphs from Dr. Coleman's report are not even discussing infringement or validity. SVVTI MIL at 9 fn. 7 (citing SVVTI Ex. A Coleman Rebuttal Report ¶¶ 66-67). ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. This discussion has nothing to do with a practicing the prior art defense. The fact that this legitimate rebuttal opinion is what SVVTI seeks to exclude is

9

clear indication that its motion should be denied, especially given SVVTI's demand for a broad preclusion of any comparisons involving SVVTI's assertions.

To the extent that SVVTI takes issue with Dr. Coleman pointing out that SVVTI's claim assertions would also cover prior art, the Federal Circuit has stated that such analysis is entirely appropriate. *See 01 Communique Lab'y, Inc.*, 889 F.3d at 742. As stated in *01 Communique*, the fact that practicing the prior art is not a defense "does not, however, preclude a litigant from arguing that if a claim term must be broadly interpreted to read on an accused device, then this same broad construction will read on the prior art." *Id*. at 742. In *01 Communique,* the defendant argued that patent holder's broad application of the claims to capture defendant's product would also capture prior art. *See id*. at 741-742. This was a legitimate argument and not considered an improper practicing the prior art defense. *See id* at 743; *see also Intel Corp. v. Tela Innovations, Inc.*, No. 3:18-CV-02848-WHO, 2021 WL 1222622, at *35 (N.D. Cal. Feb. 11, 2021).

SVVTI has not identified a single instance of Acer advancing a practicing the prior art defense or any objectional comparison.[9]   SVVTI's overbroad demand for exclusion should be denied.

## IV.    SVVTI'S MIL NO. 4:  ANY REFERENCE TO DROPPED CLAIMS, THEORIES, PATENTS, OR ACCUSED PRODUCTS.

SVVTI has asked the Court to preclude any reference to dropped claims, theories, patents,

---

[9] SVVTI also makes unarticulated claims of potential confusion and prejudice. SVVTI MIL at 10. No such confusion or prejudice exists and SVVTI has identified none. Further, any such potential can be remedied by the instructions of the Court. *See, e.g., 01 Communique Lab'y, Inc.*, 889 F.3d at 743–44 (affirming that jury instructions were "more than adequate to remedy any alleged prejudice or confusion resulting from comparisons" between the accused product and prior art.); *Malibu Boats, LLC v. Skier's Choice, Inc.*, No. 3:18-CV-00015, 2021 WL 9275090, at *1 (E.D. Tenn. May 4, 2021) (denying motion *in limine*, finding that "'any confusion of the jury due to the commonalities among the prior art and the accused products may be cured by a jury instruction[.]'")

or accused products. SVVTI MIL at 11. Acer agrees and believes this should apply equally to all parties to include dropped defenses and prior art references as well.

V.  **SVVTI'S MIL NO. 5:  ANY ARGUMENT, EVIDENCE, TESTIMONY, REFERENCE, OR SUGGESTION THAT SVVTI HAS NOT ASSERTED ITS PATENTS AGAINST OTHER ENTITIES, INCLUDING DEFENDANT'S SUPPLIERS**

SVVTI's request to preclude Acer from presenting any argument, evidence, testimony, reference, or suggestion that SVVTI has not filed suit or asserted its patents against other companies, including Acer's suppliers, should be denied. SVVTI MIL at 11-12.

Acer is a seller of computer products that does not manufacture the products or their components. It is undisputed that Acer has no involvement in the design of the allegedly infringing components, the backlight units of the accused monitors, that are at the center of this case. Nor does Acer have detailed information about their structure for exactly the same reasons. ████████ ████████████████████████████████████████████████████████████████████ ███████████████████████████ Acer has no intention of arguing that SVVTI should be suing someone else, but Acer should also not be foreclosed from presenting testimony about its business model, how its products are developed, and the fact that Acer does not design or manufacture and that this process is done by third parties. It is relevant to give context to the products and to dispel any prejudicial assumptions that the jury might otherwise make about why Acer, the defendant, has limited information about the structure of its own accused products.

SVVTI argues that the probative weight of SVVTI's non-assertion would be "outweighed by the prejudicial effect they would have on SVVTI, as well as the risk of misleading and confusing the jury about the issues to be resolved at trial." SVVTI MIL at 12. However, other than this generic statement, SVVTI does not explain what harm or confusion might ensue.

SVVTI's demand for a blanket preclusion on any mention of this fact is not warranted and

11

SVVTI's motion should be denied.

DATED: March 28, 2024               Respectfully submitted,

*/s/ Eric H. Findlay*
Kaiwen Tseng (CA Bar No. 193756)
Craig Kaufman (CA Bar No. 159458)
Jerry Chen (CA Bar No. 229318)
TECHKNOWLEDGE LAW GROUP LLP
20660 Stevens Creek Blvd., Suite 381
Cupertino, CA  95014
Tel: (650) 517-5200
Fax: (650) 562-8054
ktseng@tklg-llp.com
ckaufman@tklg-llp.com
jchen@tklg-llp.com

Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, TX 75703
Tel: (903) 534-1100
M: (903) 571-5723
efindlay@findlaycraft.com
bcraft@findlaycraft.com

**ATTORNEYS FOR DEFENDANT ACER INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 28th day of March, 2024, with a copy of this document via electronic mail.

*/s/ Eric H. Findlay*
Eric H. Findlay