**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **SVV TECHNOLOGY INNOVATIONS INC.** | § § § | |
| *Plaintiff*, | § § | Civil Action No.  6:22-cv-00639-ADA |
| v. | § § | Civil Action No.  6:22-cv-00640-ADA |
| | § | Civil Action No.  6:22-cv-00641-ADA |
| **ACER INC.** | § § | **JURY DEMANDED** |
| *Defendant.* | § § | |

**PLAINTIFF SVV TECHNOLOGY INNOVATIONS INC.'S OPPOSITION TO
<u>ACER'S MOTION FOR TRIAL CONTINUANCE</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1
II. BACKGROUND ............................................................................................................. 2
III. ARGUMENT ................................................................................................................... 2
    A. A Disney World Vacation is Not an "Extreme Situation." ............................................ 2
    B. Acer Did Not Meet Its Burden To Show The Need For A Continuance. ...................... 3
        1. Dr. Coleman Is Not Unavailable. ................................................................................ 3
        2. Acer Exercised No Diligence to Obtain Dr. Coleman's Attendance. ...................... 5
    C. Less Drastic Alternatives Are Available to Acer. ........................................................... 6
    D. A Trial Continuance May Be the Preference of a Single Witness, But It Would Prejudice SVV. .................................................................................................................. 8
IV. CONCLUSION ................................................................................................................ 9

**TABLE OF AUTHORITIES**

**Cases**

*EcoFactor, Inc. v. Google LLC*
   No. 6:20-cv-00075 (W.D. Tex. 2022) .................................................................................. 7

*IQ Prod. Co. v. Onyx Corp.*
   48 F. App'x 107 (5th Cir. 2002) ........................................................................................... 4

*MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*
   No. SA-14-CA-719, 2015 WL 11573771 (W.D. Tex. 2015) ....................................................... 8

*Realtime Data LLC v. Rackspace US, Inc. et al.*
   No. 6:16-cv-00961 (E.D. Tex. 2017) ................................................................................ 4, 8

*Team Worldwide Corp. v. Wal-Mart Stores, Inc.*
   No. 2:17-cv-00235-JRG, 2018 WL 2722051 (E.D. Tex. 2018) ................................................ 8

*United States v. Olaniyi-Oke*
   199 F.3d 767 (5th Cir. 1999) .......................................................................................... 3, 5

*VideoShare, LLC v. Meta Platforms Inc.*
   No. 6-21-cv-00254-ADA, 2022 WL 2718986 (W.D. Tex. 2022) ............................................... 8

I.      **Introduction**

Dr. Coleman, Acer's expert witness, did not declare that he is actually unavailable for trial. Nor did he declare that he will refuse to attend trial if Acer's Motion is denied. Instead, it appears that he would rather not reschedule his trip to Disney World. Acer has not shown this single witness's preference to be an "extreme" circumstance warranting a trial continuance.

To the extent this theme park trip is a conflict at all, it is a conflict of Acer's own making. Acer was dilatory in raising the issue. It has known of the purported conflict since February 6, 2024, but it exercised no diligence in resolving the issue. Instead, it waited two months to file a motion. During these months, Acer could have been exploring ways to accommodate Dr. Coleman, apprising SVV of the nature of the issue, and otherwise working towards a solution. Acer's Motion identifies no such efforts taken. Meanwhile, during Acer's delay, SVV has diligently prepared for the upcoming May pretrial conference and June trial, including arranging travel and preparation of its own witnesses, reserving lodging, and outlaying other trial expenses. An expert witness's routine family vacation should not take priority in this scenario.

While SVV is not unsympathetic to Dr. Coleman's family time, personal and professional conflicts of this sort are commonplace—particularly for busy, professional expert witnesses like Dr. Coleman. He has been a paid technical expert continuously working in litigation since at least 2011. Dr. Coleman understands how trials work, and he understands that vacations must yield to the Court's schedule. That is why parties routinely handle such matters by making accommodations (such as remote testimony) that do not require an across-the-board continuance. SVV is willing to work with Acer to find reasonable accommodations for Dr. Coleman, but moving the entire trial is not an appropriate or just outcome under these circumstances.

**II.     Background**

The Court set the current trial schedule on February 6, 2024. Dkt. 86. Acer wrote to the Court to inform the Court that Dr. Coleman had a conflict the week of the newly-set trial date—June 3, 2024. *See* Dkt. 116-7 at 1. Acer did not disclose what the potential conflict was, seek a continuance, or indicate that it intended to seek a continuance in the future. Rather, it mentioned only that Dr. Coleman was "unavailable"—without providing any explanation why—and promised to "provide notice to the Court should [his] schedule change." *Id.* This final sentence was clearly intended to indicate that Acer was making an attempt to resolve the (unexplained) conflict so that trial could proceed as scheduled.

Nearly two months passed before Acer contacted SVV's counsel in writing regarding the matter, indicating again only that Dr. Coleman was "unavailabl[e]." *See* Ex. A at 3 (4/3/24 Chen Email to McCarty). After SVV's counsel asked for more detail, Acer finally revealed the nature of the conflict as being "a family trip to Disney World[.]" *Id.* at 1 (4/4/24 Chen Email to McCarty). Only then did Acer suggest that the Court should move the trial date.

On account of this vacation, Acer argues that Dr. Coleman "would not be available for trial from May 30 to June 12." Dkt. 116 ("Mot.") at 3 n.3. This two-week period includes extra travel days as well as a family reunion scheduled to take place *after* the scheduled trial concludes. For purposes of the alleged trial conflict in this case, the trial week of June 3, 2024 to June 7, 2024 coincides only with (portions of) Dr. Coleman's visit to Disney World. *See* Coleman Decl. at ¶ 3 (declaring that his travels to Disney occur from May 31 to June 7).

**III.    Argument**

   **A.     A Disney World Vacation is Not an "Extreme Situation."**

The June trial date in this matter was set months ago. *See* Dkt. 86. The Court's Standing Order holds that "[a]fter the trial date is set, the Court will not move the trial date except in

2

extreme situations." *See* Standing Order Governing Proceedings (OGP) 4.4—Patent Case (January 23, 2024) at 9. Acer's Motion does not address this standard nor does Acer even argue that a professional expert witness's personal trip to visit a theme park is an "extreme situation."[1] And Acer's Motion does not cite a single case deciding a motion to continue a trial setting, much less one granting a continuance, under similar circumstances.

### B.   Acer Did Not Meet Its Burden To Show The Need For A Continuance.

Besides ignoring the Court's Standing Order regarding an "extreme" circumstance to move a trial date, Acer also ignores the Fifth Circuit's ordinary four-factor test for seeking a continuance. When a party seeks a continuance based on unavailability of a witness, in addition to showing that the witness is actually "unavailable," the party must show: "(1) that due diligence was exercised to obtain the attendance of the witness; (2) that the witness would tender substantial favorable evidence; (3) that the witness will be available and willing to testify; and (4) that denial of the continuance would materially prejudice the movant." *United States v. Olaniyi-Oke*, 199 F.3d 767, 771 (5th Cir. 1999). Acer did not present its Motion under this framework because it plainly cannot meet the standard. Accordingly, Acer's Motion should be denied.

#### 1.   Dr. Coleman Is Not Unavailable.

First, Acer cannot show that it is entitled to a continuance based on witness unavailability because it has not demonstrated that Dr. Coleman is actually unavailable for trial. While the

---

[1] All details regarding Dr. Coleman's family reunion in Georgia are irrelevant—the dates of the family reunion do not appear to conflict with the dates of trial. Regarding the Disney World trip, however, Dr. Coleman's declaration states that his children should not be "without their father" for memorable family experiences. While SVV is not callous to that situation, it notes that Dr. Coleman did not indicate whether his family had previously visited Disney World together. If Acer is arguing that the trial should be moved based on this once-in-a-lifetime vacation to Disney, Dr. Coleman should identify whether this is his family's only opportunity to visit Disney, or if Dr. Coleman's family has visited Disney before.

3

Motion contains attorney argument that Dr. Coleman is "unavailable," this is highly misleading. Dr. Coleman did *not* say in his Declaration that he was unavailable, nor did he say that he would actually refuse to attend trial if the Motion is denied.[2]  Dkt. 116-2.  He merely declared his assumption that it would be burdensome to change vacation plans if the trial goes forward as scheduled, without declaring any facts as to what those specific burdens would be if he had to tweak[3] his trip to Disney World.  Dkt. 116-2 at ¶¶ 5–6.  Dr. Coleman is not unavailable; he simply has a travel conflict that he'd prefer not to change.

Notably, Acer does not show that rescheduling the Disney World trip is impossible. Rather, just as its initial, cryptic email to the Court acknowledged that Dr. Coleman's plans may change, Acer's Motion leaves open the possibility of rescheduling the Disney vacation.  *See* Mot. at 3.  While going to Disney later this summer may require adjusting Dr. Coleman's wife's work schedule and rearranging his children's other summer activities, these are matters of convenience, not evidentiary unavailability.  Inconvenience to an expert does not constitute unavailability.  *See Realtime Data LLC v. Rackspace US, Inc. et al.*, No. 6:16-cv-00961, Dkt. 303 at 2 (E.D. Tex. Dec. 21, 2017).

At bottom, family leisure at Disney World plainly does not constitute "unavailability," particularly compared to the circumstances of other matters where trial continuances were still denied.  *See, e.g.*, *IQ Prod. Co. v. Onyx Corp.*, 48 F. App'x 107 (5th Cir. 2002) (affirming denial of trial continuance where CEO and sole expert witness was out of the country by his dying

---

[2] Accordingly, there is no reason to believe that denial of the Motion will prejudice Acer.

[3] While Acer's Motion implies the Disney trip is non-refundable and non-transferable, Dr. Coleman's Declaration claims only that the theme park tickets themselves (*i.e.*, not flights or accommodations) are "non-refundable/non-transferable."  Dkt. 116-2 at ¶ 3.  Of course, this is irrelevant to whether theme park tickets can be <u>rescheduled</u>.  In fact, Disney promotes that its tickets and vacation packages are eligible for date changes, and the parks are renowned for being open 365 days a year.  *See* https://disneyworld.disney.go.com/faq/tickets/cancel-change-ticket.

father's bedside because "many options" were available to secure the witness's testimony for trial).

        2.      <u>Acer Exercised No Diligence to Obtain Dr. Coleman's Attendance</u>.

Acer cannot meet its burden to show that it exercised due diligence to obtain Dr. Coleman's attendance at trial. *Cf. Olaniyi-Oke*, 199 F.3d at 771. Acer's Motion and Dr. Coleman's Declaration are devoid of facts showing efforts to reschedule Dr. Coleman's trip to Disney World. Because Acer exercised absolutely no diligence in securing Dr. Coleman's testimony at trial, its Motion must be denied.

Acer claims that Dr. Coleman's trip is "near impossible" to reschedule, implying difficulties due to summer being so close in time. Mot. at 3; Dkt. 116-2 at ¶ 5 (Disney World "is an extremely popular summer destination"). But there is no reason to believe that Dr. Coleman would not have been able to reschedule his trip back in February (when Acer learned of the conflict). Indeed, Acer and Dr. Coleman learned of the conflict just *weeks* after the trip was originally booked. Dkt. 116-2 at ¶ 3. In February 2024, the trip was certainly not a "long planned family commitment[]," *id*. at ¶ 2, and even Acer implied to the Court that Dr. Coleman could make good faith efforts to change his schedule. Dkt. 1166-7 ("We will provide notice to the Court should Dr. Coleman's schedule change."). To the extent there are any difficulties in rescheduling accommodations at Disney at this point (and it is not clear what those difficulties actually may be), they are due to Acer's inaction and delay. While neither Dr. Coleman nor Acer disclose details of the particular Disney accommodations booked, many Disney offerings such a Disney hotels are fully refundable—unless one waits until the last minute, as Acer has done here.

Practically speaking, court proceedings entail bringing together many dozens of attorneys, witnesses, party representatives, experts, and staff. It is inevitable under those circumstances that trial settings conflict with preplanned vacations and other personal matters.

5


Yet such personal matters are routinely rescheduled, particularly where, as here, the witness is a paid expert witness. Dr. Coleman is not new to this reality of litigation. He has been in his consulting role for 15 years. Ex. B (Coleman CV) at 1. He has been a paid technical expert working in litigation since 2011. *Id*. He must know that personal travel will at times conflict with professional commitments, and that the Court and its staff's busy schedule is not so pliable as to accommodate each expert witness's holidays and hobbies. If the opposite were true (*i.e.*, seasonal vacation plans were cause to continue trials), requests of this sort would overwhelm the Court's dockets and no trial setting would stick. At the very least, parties must *attempt* to make the Court's schedule work as best they can. Acer's Motion does not identify even an attempt to resolve the travel conflict in order to adapt to the Court's schedule.

    **C.**    **Less Drastic Alternatives Are Available to Acer.**

Acer argues that Dr. Coleman's testimony is important to Acer's case. *See* Mot. at 3-4.[4] Important or not, Dr. Coleman has not been shown to be unavailable, and Acer's Motion overlooks the many options for presenting Dr. Coleman's testimony that require neither a trial continuance nor a cancelled vacation. Simply put, if Acer wishes to present Dr. Coleman's testimony, it has many options to do so.

For example, to avoid minimal disruption to Dr. Coleman's vacation, Acer can bring Dr. Coleman to Waco to testify for the day, after which he can return to Disney World. Unlike scenarios where a party's corporate representative witness or lead counsel must be present for a week or more, Dr. Coleman is likely to testify for approximately two to four hours—probably on just a single court day. This would allow Dr. Coleman to miss just one or two days of his

---

[4] For context, Dr. Coleman is one of seven Acer "will call" witnesses and one of three Acer experts. Acer labels his testimony "crucial" for purposes of this Motion, but that is called into question by Acer's decision to wait months before disclosing the full nature of this alleged conflict to SVV and the Court.

fourteen-day vacation. SVV's counsel has encountered similar situations with expert witnesses in past trials (albeit not on account of Mickey Mouse). Accommodations were made to have the expert attend trial for the day of their testimony, thereby minimizing the impact on the witness's schedule. As an example, daily trial transcripts can be sent to Dr. Coleman to ensure he apprised of the testimony before taking the stand.

As another option, Acer could propose that Dr. Coleman testify remotely. Remote witness testimony has become routine, and Acer does not argue that Dr. Coleman *cannot* appear remotely. Acer argues that its preference is to bring Dr. Coleman live. If that is Acer's preference, it should make accommodations to bring Dr. Coleman live. And if live testimony is not convenient for Dr. Coleman, then Acer should find an alternative solution. Regardless, the solution is not a wholesale trial continuance that prejudices SVV. This Court has denied trial continuance requests where the *majority* of Defendant's witnesses would have to testify remotely. *See EcoFactor, Inc. v. Google LLC*, No. 6:20-cv-00075, Dkt. 176 (W.D. Tex. Jan. 12, 2022).

Third, Acer ignores how Dr. Coleman could shift (very slightly), rather than reschedule, his Disney vacation to accommodate his trial testimony. Acer does not identify any efforts undertaken to move the Disney dates by just one or two days on the front-end. Because of the anticipated sequencing of trial, Dr. Coleman will not testify until Wednesday June 5th or Thursday June 6th—*i.e.*, the tail-end of his vacation week at Disney World. Rather than reschedule the entire Disney vacation, Dr. Coleman could simply begin his Orlando trip one to two days earlier than planned, thus alleviating the purported conflict during the days in which he is to testify. This approach would require a fraction of the rescheduling headache hinted at by Acer's brief. This approach would leave ample time for Dr. Coleman to attend trial on June 5th

and/or 6th, before returning to his second week of vacation to attend his family reunion in Georgia.

### D. A Trial Continuance May Be the Preference of a Single Witness, But It Would Prejudice SVV.

Acer is not prejudiced by the June 3, 2024 trial date. As described above, there is no argument by Acer that Dr. Coleman is actually unavailable to testify at the trial. Rather, the issue is one of convenience for a single expert witness. Inconvenience to an expert does not constitute unavailability. *See Realtime Data LLC v. Rackspace US, Inc. et al.*, No. 6:16-cv-00961, Dkt. 303 at 2 (E.D. Tex. Dec. 21, 2017).

Nevertheless, to the extent Acer is prejudiced at all by a trial that begins on June 3, 2024, such prejudice is of Acer's own making. Acer has known of the trial date for months. It has known of Dr. Coleman's theme-park visit for months. It could have worked with its expert to identify alternative vacation dates at Disney World or to propose reasonable alternative measures during this time. It has instead sat idly by until the just weeks before the scheduled pretrial conference to disclose the full details of this matter and bring its Motion for consideration.

If Acer's Motion were to be granted, the prejudice would simply shift to SVV. For instance, rescheduling trial will prejudice SVV by inhibiting its ability to timely adjudicate its rights. *See MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*, No. SA-14-CA-719, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015) ("A patent holder has an interest in the timely enforcement of its patent right." (quotation omitted)). This is also true "even when [as here] the patent holder has only sought monetary relief," *VideoShare, LLC v. Meta Platforms Inc.*, No. 6-21-cv-00254-ADA, 2022 WL 2718986, at *2 (W.D. Tex. July 12, 2022), and "could be made whole by money damages." *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, No. 2:17-cv-00235-JRG, 2018 WL 2722051, at *4 (E.D. Tex. June 6, 2018).

8

Rescheduling trial will also spur cascading conflicts for other witnesses and attorneys. Although Acer labels its request as minimally invasive—just "a short continuance," "as little as three weeks," *see* Mot. at 5—any trial resetting would inevitably fall on another individual's professional and personal commitments.  Indeed, the "three weeks" delay that Acer ostensibly seeks would put the new trial date up against the July 4th holiday.  The Court should not shift one witness's alleged inconvenience onto the dozens of other witnesses, attorneys, and staff involved in this matter.

Trial scheduling is far from a perfect process, but Acer's proposal essentially trades one inconvenienced witness for many others.  This demonstrates why Acer's rationale cannot credibly support a continuance order.

## IV.     Conclusion

SVV is willing to work with Acer to make reasonable accommodations for Dr. Coleman to testify at trial.  But theme park thrill rides are not the type of "extreme situation" that warrants a trial continuance.  Acer's Motion should be denied.

| | |
|---|---|
| DATED: April 12, 2024 | Respectfully submitted,<br><br>/s/ *Warren J. McCarty, III*<br>Warren J. McCarty, III<br><br>Bradley W. Caldwell<br>Texas Bar No. 24040630<br>Email: bcaldwell@caldwellcc.com<br>Warren J. McCarty, III<br>Texas State Bar No. 24107857<br>Email: wmccarty@caldwellcc.com<br>Robert Seth Reich Jr.<br>Texas Bar No. 24088283<br>Email: sreich@caldwellcc.com<br>Daniel R. Pearson<br>Texas Bar No. 24070398<br>Email: dpearson@caldwellcc.com<br>John F. Summers<br>Texas Bar No. 24079417<br>Email: jsummers@caldwellcc.com<br>Aisha M. Haley (admitted pro hac vice)<br>D.C. Bar No. 1034110<br>Email: ahaley@caldwellcc.com<br>Bjorn A. Blomquist (admitted pro hac vice)<br>Texas State Bar No. 24125125<br>Email: bblomquist@caldwellcc.com<br>**CALDWELL CASSADY CURRY**<br>2121 N. Pearl St., Suite 1200<br>Dallas, Texas 75201<br>Telephone: (214) 888-4848<br>Facsimile: (214) 888-4849<br><br>Robert D. Katz<br>Texas Bar No. 24057936<br>**KATZ PLLC**<br>6060 N. Central Expressway, Suite 560<br>Dallas, TX 75206<br>214-865-8000<br>888-231-5775 (fax)<br>rkatz@katzfirm.com<br><br>**ATTORNEYS FOR PLAINTIFF**<br>**SVV TECHNOLOGY INNOVATIONS INC.** |

**CERTIFICATE OF SERVICE**

I hereby certify that on 12th day of April, 2024, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system and by email. Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, Western District of Texas, Section 14.

/s/ *Warren J. McCarty, III*
Warren J. McCarty, III