**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **SVV TECHNOLOGY INNOVATIONS INC.** | § § § | |
| *Plaintiff,* | § § | **Civil Action No.  6:22-cv-00639-ADA** |
| **v.** | § § | **JURY DEMANDED** |
| **ACER INC.** | § § | ▇▇▇▇▇▇▇▇ |
| *Defendant.* | § § § | |

## JOINT PRETRIAL ORDER

Pursuant to the Court's Amended Scheduling Order (D.I. 85), the Local Rules and this Court's Standing Order on Pre-Trial Procedures and Requirements in Civil Cases, Plaintiff SVV Technology Innovations Inc. ("Plaintiff", "SVVTI" or "SVV") and Defendant Acer Inc. ("Defendant" or "Acer") (collectively, the "Parties") submit this Joint Pretrial Order. The Pretrial Conference is set for May 6, 2024 in Waco, Texas. Jury selection and trial are scheduled for June 3, 2024.[1]

### I.  APPEARANCES OF COUNSEL

The parties' appearances of counsel are provided below and (in identical form) in accompanying **Exhibit A**.

#### A.  Attorney for Plaintiff

Bradley W. Caldwell
Texas Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Warren J. McCarty, III

---

[1] Acer respectfully notes that its technical expert, Dr. Zane Coleman, has a conflict for a June 3, 2024 trial date. Acer advised the Court of this conflict via email on February 12, 2024. While SVV respects that Dr. Coleman has a "family vacation" planned, SVV respectfully believes that the entire trial should not be moved due to his vacation. SVV is willing to work with Acer to find a way to efficiently present Dr. Coleman's testimony so he can spend limited time in Waco or alternatively present his testimony remotely.

1

Texas State Bar No. 24107857
Email: wmccarty@caldwellcc.com
Robert Seth Reich Jr.
Texas Bar No. 24088283
Email: sreich@caldwellcc.com
Daniel R. Pearson
Texas Bar No. 24070398
Email: dpearson@caldwellcc.com
John F. Summers
Texas Bar No. 24079417
Email: jsummers@caldwellcc.com
Aisha M. Haley (admitted pro hac vice)
D.C. Bar No. 1034110
Email:ahaley@caldwellcc.com
Bjorn A. Blomquist (admitted pro hac vice)
Texas State Bar No. 24125125
Email: bblomquist@caldwellcc.com
**CALDWELL CASSADY CURRY**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Robert Katz
KATZ PLLC
6060 N. Central Expressway, Suite 560
Dallas, TX 75206
214-865-8000
888-231-5775 (fax)
rkatz@katzfirm.com

## B.        Attorneys for Defendant

Kaiwen Tseng (CA Bar No. 193756) (pro hac)
Craig Kaufman (CA Bar No. 159458) (pro hac)
Jerry Chen (CA Bar No. 229318) (pro hac)
TECHKNOWLEDGE LAW GROUP LLP
20660 Stevens Creek Blvd., Suite 381
Cupertino, CA  95014
Tel: (650) 517-5200
Fax: (650) 562-8054
ktseng@tklg-llp.com
ckaufman@tklg-llp.com
jchen@tklg-llp.com

Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, TX 75703
Tel: (903) 534-1100
M: (903) 571-5723
efindlay@findlaycraft.com
bcraft@findlaycraft.com

## II.    **STATEMENT OF JURISDICTION**

This Court has subject matter jurisdiction of this case under 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the federal Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* For the purposes of this case, subject matter jurisdiction and personal jurisdiction are not disputed.

## III.    **JOINT STATEMENT OF THE CASE**

The parties' joint statement of the case is provided below and (in identical form) in accompanying **Exhibit B**.

This is an action for patent infringement. Plaintiff SVV Technology Innovations ("Plaintiff" or "SVVTI") accuses Defendant Acer Inc. ("Acer" or "Defendant") of infringing the following Asserted Claims:

- Claims 3, 8, and 14 of U.S. Pat. No. 8,290,318 ("the '318 Patent");

- Claims 1, 6, 9, 10, 11, 16, 18, 20, 21, 24, 25, and 31 of U.S. Pat. No. 9,880,342 ("the '342 Patent");

- Claims 2, 4, 7, 18, 19, and 20 of U.S. Pat. No. 10,439,089 ("the '089 Patent"); and

- Claims 1, 6, 7, 8, 13, 14, 15, and 18 of U.S. Pat. No. 10,627,562 ("the '562 Patent")

by making, using, selling, offering for sale, and/or importing into the United States certain computer monitors ("Accused Products"). Plaintiff additionally alleges that Defendant's infringement is willful.  Plaintiff seeks damages under 35 U.S.C. § 284 and a compulsory ongoing royalty, but by no means less than a reasonable royalty for Defendant's infringement, together with interests and costs, as well as attorneys' fees under 35 U.S.C. § 285. To the extent necessary, Plaintiff also seeks supplemental damages for any continuing post-verdict infringement.

Defendant Acer contends that the Asserted Claims are invalid under 35 U.S.C. §§ 102, and 103 based upon anticipation and obviousness. Acer denies that it has infringed or infringes any of the Asserted Claims and that any alleged infringement was willful. Acer contends that because the Asserted Patents are not valid and/or not infringed, SVVTI is not entitled to damages. Acer further contends that SVVTI's damages theories and reasonable royalty calculation are flawed. Acer also contends that this case is exceptional under 35 U.S.C. § 285, and Acer seeks its fees and expenses thereunder and any other relief the Court deems appropriate.

## IV.    <u>STIPULATIONS AND UNCONTESTED FACTS</u>

1.    SVV Technology Innovations Inc. ("SVVTI") is a California corporation with a place of business 1832 Tribute Road, Suite C, Sacramento, California 95815.

2.    Acer Inc. ("Acer") is a corporation organized and existing under the laws of Taiwan with an established place of business at 8F, 88, Sec. 1. Xintai 5th Road, Xizhi, New Taipei City 221, Taiwan.

3.    Acer America Corporation ("Acer America") is a California Corporation with a place of business at 1730 N. First Street, Suite 400, San Jose, California 95112 and is a wholly owned subsidiary of Acer.

4.      The '318 patent was issued on October 16, 2012 and is entitled "Light Trapping Optical Cover."

5.      The '342 patent was issued on January 30, 2018 and is entitled "Collimating Illumination Systems Employing Planar Waveguide."

6.      The '089 patent was issued on October 8, 2019 and is entitled "Light Converting System Employing Planar Light Trapping and Light Absorbing Structures."

7.      The '562 patent was issued on April 21, 2020 and is entitled "Illumination System Using Edge-Lit Waveguide and Microstructured Surfaces."

8.      Sergiy Vasylyev is the named inventor of the '318, '342, '089, and '562 patents.

9.      SVVTI is the owner of all rights, title, and interest in and to the '318, '342, '089, and '562 patents.

## V.      **CONTENTIONS OF THE PARTIES**

The contentions of the parties are provided below and (in identical form) in accompanying **Exhibit C**.

### A.      **Plaintiff's Contentions**

The contentions below do not include every detail underlying each contention. SVV Technology Innovations ("Plaintiff" or "SVVTI") does not waive any of its pending motions, including any motions in *limine*, motions for summary judgment, *Daubert* motions, motions to strike, and any other already pending and future motions or objections it may file.

1.  The '318 patent was duly and legally issued by the United States Patent and Trademark Office on October 16, 2012.

2.  For purposes of this action only, SVVTI contends that the '318 patent is entitled to a priority date at least as early as April 21, 2010, the filing date of U.S. application

Ser. No. 12/764,867 (now U.S. Patent No. 9,256,007), and is also entitled to a priority date of April 21, 2009, the filing date of U.S. provisional application Ser. No. 61/214,331.

3. The '342 patent was duly and legally issued by the United States Patent and Trademark Office on January 30, 2018.

4. For purposes of this action only, SVVTI contends that the '342 patent is entitled to a priority date at least as early as March 6, 2010, the filing date of U.S. provisional application Ser. No. 61/339,512, and is also entitled to a priority date of April 21, 2009, the filing date of U.S. provisional application Ser. No. 61/214,331, and in any event is entitled to a priority date no later than April 21, 2010, the filing date of U.S. application Ser. No. 12/764,867 (now U.S. Patent No. 9,256,007).

5. The '089 patent was duly and legally issued by the United States Patent and Trademark Office on October 8, 2019.

6. For purposes of this action only, SVVTI contends that the '089 patent is entitled to a priority date at least as early as August 21, 2010, the filing date of U.S. provisional application Ser. No. 61/402,061, and is also entitled to a priority date as early as July 13, 2010, the filing date of provisional application Ser. No. 61/399,552.

7. The '562 patent was duly and legally issued by the United States Patent and Trademark Office on April 21, 2020.

8. For purposes of this action only, SVVTI contends that the '562 patent is entitled to a priority date at least as early as March 6, 2010, the filing date of U.S. provisional application Ser. No. 61/339,512, and is also entitled to a priority date of April 21, 2009, the filing date of U.S. provisional application Ser. No. 61/214,331.

9. Defendant makes, uses, sells, offers for sale and imports certain products that include backlighting designs that are accused of infringing the Asserted Patents, (collectively the "Accused Products").

10. Defendant infringes Claims 3, 8, and 14 of the '318 patent by importing, selling, and offering for sale the Accused Products in the United States.

11. Defendant infringes Claims 1, 6, 9, 10, 11, 16, 18, 20, 21, 24, 25, and 31 of the '342 patent by importing, selling, and offering for sale the Accused Products in the United States.

12. Defendant infringes Claims 2, 4, 7, 18, 19, and 20 of the '089 patent by importing, selling, and offering for sale the Accused Products in the United States.

13. Defendant infringes Claims 1, 6, 7, 8, 13, 14, 15, and 18 of the '562 patent by importing, selling, and offering for sale the Accused Products in the United States.

14. Defendant also induces infringement of the above claims for actively inducing infringement, involving distributors, customers, subsidiaries, importers, and/or consumers that import, purchase, or sell the Accused Products.

15. Defendant also infringes claim 20 of the '089 patent under 35 U.S.C. § 271(g).

16. Defendant is also responsible for infringement by its subsidiaries according to principles of vicarious liability.

17. Defendant has failed to prove by clear and convincing evidence that the Asserted Claims of the Asserted Patents are invalid as obvious over the prior art.

18. Defendant has failed to prove by clear and convincing evidence that the Asserted Claims of the Asserted Patents are invalid under the requirements of 35 U.S.C. § 101, *et seq.*

19. Defendant's infringement has been and continues to be willful and Plaintiff is entitled to recover enhanced damages as a result.

20. At no point in time did Defendant redesign the Accused Products in an attempt to avoid infringement of the Asserted Patents.

21. Each of the asserted claims is not directed to patent-ineligible subject matter under 35 U.S.C. § 101.

22. Each of the asserted claims is not invalid as anticipated and/or obvious in view of the prior art under 35 U.S.C. §§ 102 and 103.

23. Each of the asserted claims is not invalid for failure to meet the written description and/or enablement requirements under 35 U.S.C. § 112.

24. Plaintiff contends that it complied with the obligations of 35 U.S.C. § 287 and it is entitled to recover damages for up to six years before the filing of this lawsuit.

25. Plaintiff contends that Defendant was first notified of their infringement of the Asserted Patents via a letter addressed to Acer America Corporation that was delivered on January 26, 2021.  Plaintiff further contends that Acer was aware of this notice letter no later than January 29, 2021 when it responded via email.

26. Defendant was notified of its infringement of the Asserted Patents by no later than January 29, 2021.

27. Plaintiff contends that, for indirect infringement, the commencement of damages in this case is the date of first indirect infringement of each patent-in-suit, which is January 29, 2021.

28. SVVTI has suffered damages in an amount to be determined at trial as a direct and proximate cause of Defendant's direct infringement and is entitled to an award of damages adequate to compensate it for Defendant's infringement.

29. SVVTI is entitled to an ongoing royalty and supplemental damages, as appropriate, for post-trial infringement involving the Accused Products.

30. SVVTI is also entitled to an award of interest, costs, attorneys' fees, and any other relief the Court deems equitable and just.

31. Defendant's infringement and conduct justifies finding this dispute an exceptional case.

**B.    Defendant's Contentions**

The contentions below do not include every detail underlying each contention. Defendant Acer does not waive any of its pending motions, including any motions in *limine*, motions for summary judgment, *Daubert* motions, motions to strike, and any other already pending and future motions or objections it may file. Acer's Statement of Contention should not be interpreted as an agreement with any of the asserted set forth in SVVTI's Statement of Contention.

32. Acer denies that any Accused Products infringe any Asserted Claim of the '318 Patent, literally or under the doctrine of equivalents.  Acer further contends that SVVTI has not sufficiently disclosed any doctrine of equivalents theory during discovery or in its expert reports and should be precluded from asserting it at trial.

33. Acer does not infringe any Asserted Claim of the '318 Patent under any section of 35 U.S.C. § 271, either directly or indirectly. Acer does not make, use, offer to sell, or sell in the United States or import into the United States any Accused Products.

Acer does not induce infringement of any Asserted Claim of the '318 Patent by any third party.

34. The Asserted Claims of the '318 Patent are invalid under at least 35 U.S.C. §§ 102, and/or 103.

35. Acer denies that any Accused Products infringe any Asserted Claim of the '342 Patent, literally or under the doctrine of equivalents. Acer further contends that SVVTI has not sufficiently disclosed any doctrine of equivalents theory during discovery or in its expert reports and should be precluded from asserting it at trial.

36. Acer does not infringe any Asserted Claim of the '342 Patent under any section of 35 U.S.C. § 271, either directly or indirectly. Acer does not make, use, offer to sell, or sell in the United States or import into the United States any Accused Products. Acer does not induce infringement of any Asserted Claim of the '342 Patent by any third party.

37. The Asserted Claims of the '342 Patent are invalid under at least 35 U.S.C. §§ 102, and/or 103.

38. Acer denies that any Accused Products infringe any Asserted Claim of the '089 Patent, literally or under the doctrine of equivalents. Acer further contends that SVVTI has not sufficiently disclosed any doctrine of equivalents theory during discovery or in its expert reports and should be precluded from asserting it at trial.

39. Acer does not infringe any Asserted Claim of the '089 Patent under any section of 35 U.S.C. § 271, either directly or indirectly. Acer does not make, use, offer to sell, or sell in the United States or import into the United States any Accused Products.

Acer does not induce infringement of any Asserted Claim of the '089 Patent by any third party.

40. The Asserted Claims of the '089 Patent are invalid under at least 35 U.S.C. §§ 102, and/or 103.

41. Acer denies that any Accused Products infringe any Asserted Claim of the '562 Patent, literally or under the doctrine of equivalents.  Acer further contends that SVVTI has not sufficiently disclosed any doctrine of equivalents theory during discovery or in its expert reports and should be precluded from asserting it at trial.

42. Acer does not infringe any Asserted Claim of the '562 Patent under any section of 35 U.S.C. § 271, either directly or indirectly. Acer does not make, use, offer to sell, or sell in the United States or import into the United States any Accused Products. Acer does not induce infringement of any Asserted Claim of the '562 Patent by any third party.

43. The Asserted Claims of the '562 Patent are invalid under at least 35 U.S.C. §§ 102, and/or 103.

44. Acer is not vicariously liable for any alleged infringement by Acer subsidiaries or any other third party.

45. Acer did not receive pre-suit notice of infringement for any Asserted Patent.  Acer also denies that it had pre-suit actual or constructive knowledge of infringement of any Asserted Patent.

46. Acer has not, and is not, willfully infringing any Asserted Patent.

47. SVVTI is not entitled to any damages or in the amount that SVVTI is seeking.

48. Acer contends that should any Asserted Patent be determined to be valid and infringed, SVVTI's damages calculations are inflated and inaccurate.

49. SVVTI is not entitled to any enhanced damages under 35 U.S.C. § 284.

50. Acer contends that SVVTI's conduct renders this case exceptional and that Acer is entitled to its costs, expenses, and reasonable attorney fees pursuant to 35 U.S.C. § 285.

51. Acer contends that SVVTI is not entitled to recover its attorney's fees, costs, expenses, or pre-judgement interest.

## VI.    <u>MEMORANDA ON DISPUTED ISSUES OF LAW</u>

The parties have disputed issues of law and/or fact regarding infringement, vicarious liability, invalidity, willfulness, and the exceptional nature of this case; however, the parties agree that these are not unique issues of law and fact that require memoranda to the Court at this time, other than the papers already presented to the Court.

## VII.    <u>EXHIBITS</u>

SVVTI's Exhibit List is attached as Exhibit P-1. Acer's Exhibit List is attached as Exhibit D-1.  The parties are conferring regarding submitting a Joint Exhibit List for which no objections will be outstanding prior to the Pretrial Conference and will update as necessary thereafter. The parties have further agreed to wait to exchange stickered copies of the exhibits until the Joint Exhibit List has been prepared.

## VIII.    <u>WITNESSES</u>

SVVTI's witness list for the jury trial is attached as Exhibit P-2. Acer's witness list for the jury trial is attached as Exhibit D-2.

## IX.    DEPOSITION DESIGNATIONS

SVVTI's deposition designations, with Acer's objections and counter-designations, are attached as Exhibit P-3. Acer's deposition designations, with SVVTI's objections and counter-designations, are attached as Exhibit D-3.

## X.    DISCOVERY DESIGNATIONS

SVVTI's discovery designations are attached as Exhibit P-4.

## XI.    JURY CHARGE

The parties' joint and disputed proposed jury charge is attached as Exhibit J-1.

## XII.    PROPOSED JUROR QUESTIONAIRE & VOIR DIRE QUESTIONS

The parties' joint proposed voir dire questions are attached as Exhibit J-2. The parties jointly propose the Court use the juror questionnaire attached as Exhibit J-3.

## XIII.  VERDICT FORM

The parties' competing proposed verdict forms are attached as Exhibits P-5 and D-4.

## XIV.  LIST OF PENDING MOTIONS

The following motions remain pending:

| No. | PENDING MOTIONS | ECF Nos. |
|---|---|---|
| | **SVV's Pending Substantive Motions** | |
| 1. | Plaintiff's Motion to Exclude Certain Opinions of Dr. Zane Coleman | 67, 77, 83 |
| 2. | Plaintiff's Motion to Strike the New Previously-Undisclosed Invalidity Theories in the Invalidity Expert Report of Dr. Coleman | 68, 78, 84 |
| | **Acer's Pending Substantive Motions** | |
| 3. | Defendant's Daubert Motion and Motion to Strike Opinions of Plaintiff's Expert Thomas Credelle | 69, 75, 81 |
| 4. | Defendant's Motion for Summary Judgment of Non-Infringement and No Willful Infringement | 70, 76, 82 |

Two procedural motions remain unresolved:

The first unresolved motion is Acer's and Asustek's motion seeking to consolidate their cases with a related case filed by SVV against Micro-Star International, for all pre-trial purposes. Dkt. 54.  This motion is moot because this case has reached its pretrial conference and SVV and Micro-Star International have settled their dispute.

The second unresolved motion is Acer's Motion for leave to Amend Final Invalidity Contentions.  Dkt. 57; SVV Opposition (Dkt. 59); Reply (Dkt. 61).

## XV.  DISPUTED MOTIONS IN LIMINE

The parties filed their motions in limine on March 7, 2024 at Dkt. Nos. 93 (SVV) and 94 (Acer). The parties filed their oppositions on March 28, 2024. Copies of each parties' motions in limine are attached as Exhibits P-6 (SVV) and D-5 (Acer), respectively. Pursuant to the dates outlined in the pending scheduling order, the parties will meet and confer once they've had an opportunity to review the oppositions and note any compromises to the court prior to the final pretrial conference.

## XVI.  LENGTH OF TRIAL

**SVV's Position:**  The trial in this case is scheduled to begin at 9:00 am on Monday, June 3, 2024, with subsequent trial days beginning at 8:30 am.  SVVTI requests a five-day jury trial with 22 hours of total presentation allocated as 11 hours per side.[2]  SVVTI further requests that the Court additionally allocate: (1) 30 minutes per side for opening statements, and (2) 45 minutes per side for closing arguments.

---

[2] This time is not inclusive of opening or closing statements, or any bench trial of issues to be decided by the Court instead of a jury.

Regarding the number of Asserted Claims, the parties have discussed a mutual narrowing of asserted claims and prior art, and SVVTI believes that the mutual narrowing should occur prior to trial following the Pretrial Conference.

**Acer's Position:** At this time, Plaintiff SVVTI is asserting 29 claims in this matter. Given the number of asserted claims, five days will not be sufficient for trial. Until this is reduced, it is difficult to estimate the length of the trial.

## XVII.  STIPULATION FOR TRIAL MANAGEMENT PROCEDURES

**The parties agree to the following procedures for trial management:**

**Demonstratives**

The parties will exchange by email copies of all documentary, graphic, slide, animation, and any other form of Demonstratives they plan to use at trial for use during opening or direct examination—but not for cross-examination—and an identification of witnesses each such Demonstrative will be used with on direct examination, by 7:30 p.m. the night before their intended use.  In other words, if a Demonstrative will be used on a Wednesday, it must be exchanged or made available by 7:30 p.m. on Tuesday.  The parties shall exchange objections to these Demonstratives by 8:30 p.m. on the day the Demonstratives are received.  The parties will begin to meet and confer by 9:00 p.m. to attempt to resolve any objections or other issues relating to the disclosed Demonstratives.  If any disputes remain following this conference, the parties shall apprise the Court, with a short description of any disputes and attaching the disputed documents, by email at 10:30 p.m.  Demonstratives exchanged will not be used by the opposing party prior to being used by the disclosing party.

For purposes of this agreement, **"Demonstratives"** are exhibits specifically created for the purpose of the trial and ***do not include*** (1) exhibits created in the courtroom during testimony or opening at trial, (2) the enlargement, highlighting, ballooning, etc. of trial exhibits or transcripts

of testimony, or (3) demonstratives previously displayed in the course of the trial. Reasonable non-substantive edits or corrections of typographical and similar errors to demonstrative exhibits may be made to such exhibits prior to use.

Demonstratives for direct examination or opening must be cleared of any outstanding objections before being shown to the jury or otherwise allowed by the Court.

With respect to both Demonstratives to be used on direct examination of a witness and opening Demonstratives, parties are to provide color demonstratives natively or by other electronic means such that animations and builds are readily ascertainable.

### **Physical Exhibits and Demonstratives**

The parties will make available for inspection physical exhibits (including any to be used in live product demonstrations) they plan to use at trial for use during direct examination or opening—but not for cross-examination—by 7:30 p.m. one night before their intended use. In other words, if a physical exhibit will be used on a Wednesday, it must be exchanged or made available by 7:30 p.m. on Tuesday. The parties shall exchange objections to these physical exhibits by 8:30 p.m. the day such disclosures are made. The parties will meet and confer by 9:00 p.m. to attempt to resolve any objections or other issues relating to these physical exhibits. If any disputes remain following this conference, the parties shall apprise the Court in the 10:30 p.m. email. Materials exchanged or made available under this paragraph will not be used by the opposing party prior to being used by the disclosing party.

### **Exhibits**

The parties will exchange by email lists of exhibits they intend to use during direct examination by 7:30 p.m. the night before their intended use, and an identification of the witnesses each such exhibit will be used with on direct examination or by deposition designation. The

parties' disclosures will reflect a good faith estimate of the exhibits that will be used with a particular witness and all efforts will be made to streamline disclosures such that they do not include excessive numbers of exhibits that do not ultimately get used. The parties shall exchange objections to these exhibits, by 8:30 p.m. on the day the lists are received. The parties will meet and confer beginning at 9:00 p.m. to attempt to resolve any objections or other issues relating to the disclosed exhibits. If any disputes remain following this conference, the parties shall apprise the Court in the 10:30pm email.

Each party may use an exhibit that is listed on an opposing party's exhibit list to the same effect as though it were listed on its own exhibit list, subject to any applicable evidentiary objections, and provided that the disclosure requirements discussed above are followed.

If a party removes an exhibit from its exhibit list, it will notify the opposing party in the service email of the amended exhibit list. The opposing party may add the withdrawn exhibit to its own exhibit list.

The listing of an exhibit on a party's exhibit list is not an admission that the exhibit is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to admit the exhibit. Each party reserves the right to object to the relevancy or admissibility of any evidence offered by the other party in accordance the Federal Rules and the Court's procedures.

### **Witnesses**

The parties will identify by email witnesses to be called live (in the order of call) and by deposition at 7:30 p.m., two days in advance of the day of trial during which the witnesses will testify. In other words, if a witness will testify on a Wednesday, the witness must be identified by 7:30 p.m. on Monday. If the opposing party has any objections to disclosed witnesses, the party

shall provide such objections by 8:30 p.m. on the day the list is received.  The parties will meet and confer beginning at 9:00 p.m. to attempt to resolve any disputes relating to disclosed witnesses. If any disputes remain following this conference, the parties shall apprise the Court in the 10:30 pm email that evening.

**Deposition Testimony**

For deposition designations, the parties will provide a list of any deposition designations to be read or played by 7:30 pm two days before the designation is to be read or played.  The parties' disclosures will reflect a good faith estimate of the designations they actually intend to read or play in two days' time, and all efforts will be made to streamline disclosures such that they do not include excessive designations that do not ultimately get used.  Counters and objections to the 7:30 pm designations are due by 8:30 pm the same evening.  Any objections to the counter-designations must be exchanged prior to 9:00 p.m.  The parties will meet and confer beginning at 9:00 p.m. to attempt to resolve any disputes regarding deposition designations, and any unresolved objections will be raised with the Court in that night's 10:30 p.m. email.  Any party that seeks to play deposition testimony must also provide the opposing party by 7:30 p.m. one day before the deposition testimony is to be played, a workable copy of the actual recordings to be played, including all designations and counter-designations.

The parties further agree to remove counsel's objections or any discussion between counsel from any deposition designations or video clips that are to be read or shown to the jury.  The parties shall cooperate in good faith to prepare the designated portions of the depositions for presentation at trial.  The deposition designations and counter-designations shall be played in the order in which they appear in the transcript.  The time available for each side's trial presentation shall be reduced by the length of its designations or counter-designations actually played or read at trial.  If played,

such time shall be measured by the amount of time of each party's designations. If read, such time shall be measured by the lines of testimony each party designates as a percentage of the total number of lines read.

For the sake of clarity, on cross-examination, transcripts of deposition testimony may be used to impeach a witness, regardless of whether it was previously designated by the parties.

**<u>Closing</u>**

The parties agree to exchange binders containing a printed copy of any slides to be used during a party's closing argument immediately prior to giving its closing argument. To the extent a particular slide is not used in a party's closing, the other party may not use that slide.

Dated: March 28, 2024

Respectfully submitted,

*/s/ Eric H. Findlay*
Kaiwen Tseng (CA Bar No. 193756) (pro hac)
Craig Kaufman (CA Bar No. 159458) (pro hac)
Jerry Chen (CA Bar No. 229318) (pro hac)
TECHKNOWLEDGE LAW GROUP LLP
20660 Stevens Creek Blvd., Suite 381
Cupertino, CA  95014
Tel: (650) 517-5200
Fax: (650) 562-8054
ktseng@tklg-llp.com
ckaufman@tklg-llp.com
jchen@tklg-llp.com

Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
FINDLAY CRAFT, P.C.
7270 Crosswater Avenue, Suite B
Tyler, TX 75703
Tel: (903) 534-1100
M: (903) 571-5723
efindlay@findlaycraft.com
bcraft@findlaycraft.com

**ATTORNEYS FOR DEFENDANT
ACER INC.**

*/s/ Warren J. McCarty, III*
Bradley W. Caldwell
Texas Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Warren J. McCarty, III
Texas State Bar No. 24107857
Email: wmccarty@caldwellcc.com
Robert Seth Reich Jr.
Texas Bar No. 24088283
Email: sreich@caldwellcc.com
Daniel R. Pearson
Texas Bar No. 24070398
Email: dpearson@caldwellcc.com
John F. Summers
Texas Bar No. 24079417
Email: jsummers@caldwellcc.com
Aisha M. Haley (admitted pro hac vice)
D.C. Bar No. 1034110
Email: ahaley@caldwellcc.com
Bjorn A. Blomquist (admitted pro hac vice)
Texas State Bar No. 24125125
Email: bblomquist@caldwellcc.com
**CALDWELL CASSADY CURRY**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Robert Katz
**KATZ PLLC**
6060 N. Central Expressway, Suite 560
Dallas, TX 75206
214-865-8000
888-231-5775 (fax)
rkatz@katzfirm.com

**ATTORNEYS FOR PLAINTIFF
TECHNOLOGY INNOVATIONS INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 28, 2024, a true and correct copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system and by email. Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, Western District of Texas, Section 14.

*/s/ Warren J. McCarty, III*
Warren J. McCarty, III
